MARY LACROIX, administratrix, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   January 12, 13, 1916. — March 3, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Release. Evidence,* Presumptions and burden of proof.

In an action by an administrator against a corporation operating a street railway for conscious suffering of the plaintiff's intestate by reason of injuries sustained by him in being thrown from his wagon when run into by a car of the defendant, if the defendant introduces a release of the cause of action executed by the intestate, and the plaintiff admits its execution, merely denying that the words "I have read the above and agree to it" were written by the intestate, and if there is no evidence of illiteracy, mental incompetency, fraud, misrepresentation or coercion, a verdict must be ordered for the defendant.

CONTRACT by the administratrix of the estate of Edward La-Croix for the conscious suffering of the plaintiff's intestate by reason of injuries sustained on August 23, 1912, in being thrown from his meat wagon when run into by a car operated by the defendant on Cambridge Street in the part of Boston called Brighton. Writ dated March 11, 1914.

In the Superior Court the case was tried before *Stevens,* J. Among other defences the defendant relied on a release executed by the plaintiff's intestate which is referred to in the opinion, where the evidence in regard to it is described. At the close of the

evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. F. Warren,* for the plaintiff.

*E. P. Saltonstall,* (*R. S. Pattee* with him,) for the defendant.

BRALEY, J. If, without deciding, it is assumed that there was evidence for the jury of the due care of the plaintiff's intestate and of the negligence of the defendant, the plaintiff cannot recover if the intestate released the cause of action.

It was admitted by the plaintiff that the release introduced in evidence by the defendant was duly executed, although she denied that the words "I have read the above and agree to it" were written by the intestate. But, whether they were inserted by his own hand or by the defendant's agent for the settlement of claims, is immaterial. It not having been shown that the intestate was illiterate, the releasor was bound by the instrument he voluntarily executed unless it was fraudulently obtained, or he was mentally incompetent. *McNamara* v. *Boston Elevated Railway,* 197 Mass. 383. *O'Regan* v. *Cunard Steamship Co.* 160 Mass. 356, 361.

A careful examination of the evidence however makes plain that at the time of execution he was in possession of his faculties and that no inducements were held out or any misrepresentations made or any coercion exercised.

The verdict for the defendant having been rightly directed, the exceptions must be overruled. *Atlas Shoe Co.* v. *Bloom,* 209 Mass. 563, 567.

*So ordered.*